#### UNITED STATES DISTRICT COURT
#### DISTRICT OF MAINE

| | |
|---|---|
| TRACEY M., | ) |
|                     *Plaintiff* | ) |
| v. | )   No. 1:20-cv-00116-DBH |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
|                     *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

      This Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis, *inter alia*, that the ALJ improperly construed raw medical evidence in determining her mental residual functional capacity (RFC), rendering that finding unsupported by substantial evidence. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 1, 9-11. I agree and, accordingly, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not, and do not, reach the plaintiff's remaining points of error.

      Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

relevant part, that the plaintiff had the severe impairments of gastroparesis, endometriosis status post-hysterectomy, degenerative disc disease, degenerative joint disorder of the right knee, chondromalacia, anxiety disorder, and attention deficit disorder (ADD), Finding 2, Record at 18; that she had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that she could occasionally climb ramps and stairs as well as ladders, ropes, and scaffolds, occasionally balance, crouch, crawl, stoop, and kneel, and was limited to simple, routine, and repetitive tasks, Finding 4, *id*. at 21; that, considering her age (43 years old, defined as a younger individual, on the date her application was filed, October 18, 2016), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*. at 30; and that she, therefore, had not been disabled from October 18, 2016, the date her application was filed, through the date of the decision, July 12, 2019, Finding 10, *id*. at 31.  The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past

relevant work.  20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

The ALJ found that the plaintiff had two severe mental impairments, anxiety disorder and ADD, resulting in a need for a limitation to simple, routine, and repetitive tasks. Findings 2, 4, Record at 18, 21.  As the plaintiff notes, *see* Statement of Errors at 1, 9, 11, that finding is unsupported by any expert opinion.

The ALJ deemed the opinions of agency nonexamining consultants Mary A. Burkhart, Ph.D., and Brian Stahl, Ph.D., that the plaintiff had no mental functional limitations "unpersuasive" because "the medical evidence supports the presence of . . . mental severe impairments" and because Drs. Burkhart and Stahl "did not have the benefit of review of the full record, which was developed for the hearing."  *Id*. at 28-29; *see also id*. at 103-04, 115-16.

He likewise rejected or declined to consider treating source opinions indicating that the plaintiff had greater mental functional limitations than he ultimately found, namely, (i) a September 2018 opinion of treating physician Kathleen Kotas, M.D., that the plaintiff was unable to work more than 30 hours a week in part because of her anxiety and ADD, *see id*. at 27, 29, 580, (ii) 2014 mental RFC assessments of treating counselor Ruth Kulback, LCPC, and treating nurse practitioner Chris Schleif, APRN, indicating, *inter alia*, that the plaintiff's impairments or treatment would cause her to be absent from work about three days per month, *see id*. at 29, 531, 540, and (iii) a 2014 letter of APRN Schleif stating that the plaintiff's anxiety was "such that she would likely have difficulty performing in a high stress environment[,]" *id*. at 29, 579.

He then assessed a limitation to simple, routine, and repetitive tasks, explaining:

> [T]he medical evidence reflects less severe mental limitations than the [plaintiff] alleged. [She] testified that she has significant anxiety and stress. She testified that her anxiety and ADD limit her from effectively performing activities of daily living. She testified that she does not leave her house often, is uncomfortable in public, and does not interact with others regularly. She testified that being in public causes panic attacks, but there is no mention of panic attacks in the medical evidence. The medical evidence reflects that [she] treats her ADD and anxiety with medication, which she indicated during treatment managed her symptoms. She never specifically complained of ADD-related symptoms, including problems concentrating. She rarely indicated that she had difficulty in public. Most often, she reported increasing stress and anxiety related to external stressors, such as divorce proceedings or medical bills. Although she was sometimes observed with an anxious mood or affect, she consistently exhibited no psychiatric signs, symptoms, or abnormalities during examinations across the longitudinal course of her treatment. She did not seek therapy, but did receive 15-minute, face-to-face counseling during medication refill visits. Taken in a light most favorable to the [plaintiff], the record as a whole supports at most a limitation to simple, routine, and repetitive tasks.

*Id.* at 28 (citations omitted).

The plaintiff contends that, in eschewing reliance on expert opinions, the ALJ exceeded the bounds of his competence as a layperson, impermissibly construing the raw medical evidence to determine her mental RFC. *See* Statement of Errors at 1, 9-11; *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (Although an ALJ is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record.").

The commissioner counters that remand nevertheless is unwarranted because the plaintiff (i) fails to identify the specific raw medical evidence she contends the ALJ impermissibly construed, a proposition for which he cites *Wright v. Colvin*, No. 2:14-cv-75-JHR, 2015 WL 58458, at *2 & n.3 (D. Me. Jan 5, 2015) (citing *Bowden v. Colvin*, No. 1:13-cv-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014)), (ii) does not challenge the ALJ's point that there were no longitudinal mental abnormalities on examination or otherwise engage with his explanation for

4

his mental RFC finding, and (iii) "advances no persuasive evidence that she had greater mental limitations during the relevant period than the ALJ found[,]" a proposition for which he cites *Veach v. Comm'r, Soc. Sec. Admin.*, Civil No. 1:13-CV-76-DBH, 2014 WL 35362, at *4 (D. Me. Jan. 6, 2014). Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 15) at 1, 6-7, 11-12, 15-16.[2]

These arguments are unavailing.

First, this court has already deemed *Wright* and *Bowden* distinguishable in these circumstances. In *Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017), as here, the ALJ rejected agency nonexamining consultants' opinions that the claimant's mental impairments were nonsevere on the basis that evidence unseen by them demonstrated the existence of mental functional limitations. *See Lisa Staples*, 2017 WL 1011426, at *3. She also rejected the more restrictive opinion of a treating source and, in that vacuum, impermissibly construed the raw medical evidence to craft the claimant's mental RFC, rendering it unsupported by substantial evidence. *See id.* at *3-4.

The court distinguished *Wright* on the basis that the ALJ had not indicated that "agency nonexamining consultants' RFC opinions had been called into question by later-submitted evidence[,]" nor had the court held that they could not serve as substantial evidence that the claimant had no mental limitations, and *Bowden* on the basis that "the court held that the [ALJ] made a permissible commonsense judgment pursuant to *Gordils* when (i) the medical evidence indicated that the claimant's COPD condition caused relatively minimal impairment and (ii) the

---

[2] The commissioner does not contest that the ALJ construed raw medical evidence to determine the plaintiff's mental RFC. *See* Opposition at 1, 6-7, 11. In any event, the ALJ says as much, explaining, after summarizing the medical evidence of record, "Taken in a light most favorable to the [plaintiff], *the record as a whole* supports at most a limitation to simple, routine, and repetitive tasks." Record at 28 (citations omitted) (emphasis added).

5

[ALJ] relied on the claimant's own testimony regarding the limitations caused by his COPD." *Id*. at *4-5 (citations omitted). *Wright* and *Bowden* are distinguishable on the same bases here.

Second, in these circumstances, the plaintiff had no need to challenge the ALJ's explanation for his mental RFC determination. The commissioner underscores that the ALJ explained that the plaintiff "'consistently exhibited no psychiatric signs, symptoms, or abnormalities [. . .] across the longitudinal course of her treatment[.]'" Opposition at 11 (quoting Record at 28). He represents that, indeed, the record discloses only two occasions (in August 2017 and February 2019) during which the plaintiff was observed on examination to be anxious, which he argues is too sparse a showing to meet the so-called "duration requirement." *Id*. at 11-12; 20 C.F.R. § 416.909 ("Unless your impairment is expected to result in death, it must have lasted or be expected to last for a continuous period of at least 12 months."); *Barnhart v. Walton*, 535 U.S. 212, 222-23 (2002) (commissioner's 12-month duration requirement applies "to both the 'impairment' and the 'inability' to work requirements"). As a result, he contends, the plaintiff cannot be found disabled as a matter of law. *See* Opposition at 11-12.

Yet, this is a *post hoc* rationalization. "Pursuant to the rule of *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker." *Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) (citation and internal quotation marks omitted). "An exception to the *Chenery* rule exists when a remand will amount to no more than an empty exercise because, for example, application of the correct legal standard could lead to only one conclusion." *Id*. (citation and internal punctuation omitted). But that exception does not apply here.

Neither Dr. Burkhart nor Dr. Stahl indicated that the plaintiff's mental impairments fell short of meeting the duration requirement, *see* Record at 103-04, 115-16, and the ALJ affirmatively found that she suffered from two severe mental impairments that imposed functional limitations, *see* Findings 2, 4, *id*. at 18, 21.  It is hardly clear that remand would amount to an empty exercise in this case.

Third, and finally, in these circumstances, the plaintiff had no need to demonstrate that she had greater limitations than those found by the ALJ.  That the ALJ's mental RFC determination is unsupported by substantial evidence is itself fatal, undermining his reliance at Step 5 on the testimony of a vocational expert (VE) that a person with the stated RFC could perform work existing in significant numbers in the national economy.  *See* Record at 30-31; *see also, e.g.*, *Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of a VE are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

*Veach* is distinguishable because, there, the ALJ drew a permissible inference that the claimant "would be able to perform simple, repetitive work in the absence of alcohol abuse" when a treating provider's report suggested that he "might be able to perform simple tasks even with alcoholism in the picture[.]"  *Veach*, 2014 WL 35362, at *4.  In that context, the court observed that the claimant had "not demonstrated that the evidence of record compels a concentration, persistence, and pace limitation beyond a restriction to simple, repetitive work, if the question is what [the claimant's] [RFC] is in the absence of alcoholism."  *Id*.[3]

---

[3] At oral argument, the commissioner's counsel also contested the plaintiff's counsel's assertion that the decision was not saved on the basis that the ALJ gave the plaintiff the benefit of the doubt.  The plaintiff first made this point in her brief, *see* Statement of Errors at 7, and the commissioner waived his argument against it by failing to include it in his opposing brief, *see generally* Opposition; *see also, e.g., Connor v. Colvin,* No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *5 n.4 (D. Me. July 16, 2014) ("The general rule in this district long has been that any claim or issue not raised in a claimant's statement of errors is deemed waived.  I perceive no reason against, and indeed fairness would

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 21st day of February, 2021.

                                          /s/ John H. Rich III
                                          John H. Rich III
                                          United States Magistrate Judge

---

counsel for, the same rule applying with respect to responsive briefs, which the commissioner has been required to file since the amendment of Local Rule 16.3(a)(2) effective January 1, 2013.") (citation omitted).  In any event, the argument is unavailing in these circumstances.  *See, e.g., Lisa Staples*, 2017 WL 1011426, at *5 ("[I]nstead of assessing a mental RFC that gave the [claimant] 'the benefit of the doubt' or otherwise was more favorable than the remaining evidence would support, the [ALJ] . . . assessed an RFC unsupported by substantial evidence.") (citation omitted); *compare, e.g., Kristina D. B. v. Berryhill*, No. 1:18-cv-00088-JHR, 2019 WL 1407407, at *4 (D. Me. Mar. 28, 2019) (ALJ did not err in assessing claimant's mental RFC when it was "reasonably apparent that the ALJ did not construe raw medical evidence but, rather, gave the [claimant] the benefit of the doubt by crediting some of her subjective allegations of difficulties in social functioning").